IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. C 08-2842 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE AND PARTIAL DISMISSAL** |
| v. | |
| Warden SISTO, CSP-Solano, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at California State Prison-Solano, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of one count of conspiracy, six counts of residential burglary, and sixteen counts of securities fraud. He was sentenced to prison for twenty-seven years and eight months. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. He also filed state habeas petitions, all of which were denied.

///

///

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights were violated when he was prosecuted in a court which lacked personal jurisdiction over him; (2) the court which tried and convicted him lacked subject matter jurisdiction over the charges against him; (3) the prosecution committed misconduct in extraditing, prosecuting, and convicting him; (4) petitioner is actually innocent of the charges; (5) the prosecution withheld exculpatory evidence; (6) his Fourth Amendment rights were violated; (7) he was not given *Miranda* warnings; (8) his due process rights were violated when the superior court entered a plea for him and he was not afforded assistance of counsel at the arraignment; (9) his right to speedy trial was violated; (10) his equal protection rights were violated when he was selectively prosecuted because he was not a Californian; (11) his due process rights were violated when the case was tried by a biased judge; (12) his Eighth and Fourteenth Amendment rights were

2

violated when the court did not "offer or deny" bail.

Petitioner's first contention is based upon his reading of Section 27(a) of the California Penal Code, the section of the penal code which the Santa Clara Superior Court relied upon in denying a state petition for habeas corpus. Petitioner contends that subsection one of the statute, which provides that persons are liable to punished under the laws of California if they "commit, in whole or in part, any crime within this state," subjects to punishment only persons who are physically in the state when the crime is committed (Pet., attachment at 2). The superior court disagreed, saying that Section 27(a)(1) means that the California courts have jurisdiction over persons whose crimes are *committed*, in whole or in part, within the state, even if they themselves are not in the state (Pet., Exh. 1 at 2). Since petitioner's Ponzi scheme had a number of victims in California, and his salespeople called on victims in California, the court concluded that the crimes had been committed, at least in part, here (*ibid*.). State courts' interpretations of state law bind a federal court sitting in habeas corpus, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), so here the state court's ruling on the meaning of state law as to this point is binding – and that means petitioner cannot succeed on this claim. Petitioner's request for "fast track" treatment of this claim is granted. It will be dismissed.

In his second issue petitioner contends that his due process rights were violated in that the Santa Clara Superior Court lacked subject matter jurisdiction over the charges against him. His argument is that the California Department of Corporations must first issue a "desist and refrain" order before a violation of Section 25401 of the California Corporations Code can be criminally prosecuted, and that no such order was issued (Pet., attachment at 6-11). The California courts disagreed with him, the superior court saying that it had subject matter jurisdiction under California law (Pet., Exh. 1 at 3). As was discussed above, the state courts' rulings on matters of state law are binding on this court, and for that reason petitioner cannot succeed on this claim. It will be dismissed.

In his third issue petitioner contends that the prosecution committed "fraud in order to extradite, prosecute and convict Petitioner," which he contends was a violation of his due process rights. This allegation is based on petitioner's assertion that the prosecutor and his

3

investigator violated a California statute that says that any person who prepares or allows to be prepared any "false . . . paper, record, instrument in writing, or other matter or thing, with intent to produce it ... for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever ... is guilty of a felony." Cal. Pen. Code § 134. The allegedly-falsified papers were the complaint, the extradition documents, and the indictment

First, as discussed above, whether a California statute was violated is neither here nor there for purposes of federal habeas relief. Secondly, the federal rule is that even if the defendant's presence at trial was in some sense illegally procured, that does not affect the validity of the conviction. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984). And thirdly, the United States Supreme Court has never held that it is a violation of a criminal defendants' due process rights to bring him or her to trial by means of falsified documents, so even if petitioner could prove his point as to the falsification of documents, that would not be grounds for federal habeas relief. *See* 28 U.S.C. § 2254(d) (as to legal claims, federal district court may not grant habeas petition challenging state conviction or sentence on basis of claim reviewed on the merits in state court unless state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."). This claim will be dismissed.

In his fourth issue petitioner contends that his due process rights were violated in that he is actually innocent. The United States Supreme Court has explicitly stated that it is an open question whether a "free-standing innocence claim" is cognizable. *Osborne v. District Attorney's Office*, 521 F.3d 1118, 1130 (9th Cir. 2008) (citing *Herrera v. Collins*, 506 U.S. 390, 417 (1993), and *House v. Bell*, 547 U.S. 518, 554-55 (2006)). There thus is no clearly-established Supreme Court authority that convicting someone who is actually innocent violates dues process, and federal habeas relief cannot be granted on this claim. *See* 28 U.S.C. § 2254(d). This claim will be dismissed.

Petitioner's fifth issue is contained in argument within the discussion of his fourth issue, on pages seventeen and eighteen of the petition. He contends that the prosecution withheld

4

1   exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  His allegations
2   are sufficient to require a response.

3   In hisسsixth issue, petitioner contends that his Fourth Amendment rights were violated.
4   He recognizes that *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas
5   review of Fourth Amendment claims unless the state did not provide an opportunity for full and
6   fair litigation of those claims, but contends that he was not afforded a full and fair opportunity
7   because he was not allowed to make a rebuttal argument on his motion to suppress and because
8   he has since discovered "other legal arguments" in support of his motion.  Neither of these
9   contentions is sufficient to avoid the rule of *Stone v. Powell*.  *See Caldwell v. Cupp*, 781 F.2d
10  714, 715 (9th Cir. 1986) (all *Stone v. Powell* requires is the initial opportunity for a fair
11  hearing).  This claim will be dismissed.

12  In his seventh issue, petitioner contends that he was not given the *Miranda* warning.
13  *Miranda* requires that a person subjected to custodial interrogation be advised that he has the
14  right to remain silent, that statements made can be used against him, that he has the right to
15  counsel, and that he has the right to have counsel appointed.  *Miranda v. Arizona*, 384 U.S. 436,
16  444 (1966).  The remedy for a violation of these requirements is the suppression, at the
17  subsequent trial, of the statements made incriminating the defendant in the crime about which
18  he was questioned.  *Miranda*, 384 U.S. at 479; *see Jackson v. Giurbino*, 364 F.3d 1002, 1009-
19  10 (9th Cir. 2004).  Petitioner alleges only that he was not given the warnings; he does not
20  allege that he was interrogated, much less that evidence which was the fruit of an unwarned
21  interrogation was introduced at trial.   There is no authority that simply failing to give the
22  warning – as opposed to failing to give it, conducting an interrogation, and then using the
23  resulting statements at trial – is a violation of due process.  This claim will be dismissed.

24  In his eighth issue, petitioner asserts that his due process rights were violated when, after
25  repeated delays, the court entered a plea for him without the presence of counsel.  Because the
26  plea that was entered was "not guilty," and petitioner does not allege how entry of this plea
27  could have prejudiced him, this claim is without merit.  *See Strickland v. Washington*, 466 U.S.
28  668, 686 (1984) (ineffective assistance of counsel claim requires showing that petitioner was

5

1 prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that,
2 but for counsel's unprofessional errors, the result of the proceeding would have been
3 different."). It will be dismissed.

4      In his ninth issue,. petitioner contends that his due process speedy trial rights were
5 violated. Although for the reason discussed above petitioner's various California law
6 arguments are irrelevant here, the Fourteenth Amendment makes the Sixth Amendment right to
7 a speedy trial applicable to the states. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).
8 No per se rule has been devised to determine whether the right to a speedy trial has been
9 violated. Instead, courts must apply a flexible "functional analysis," *Barker v. Wingo*, 407 U.S.
10 514, 522 (1972), and consider and weigh the following factors in evaluating a Sixth
11 Amendment speedy trial claim: (1) length of the delay; (2) the reason for the delay; (3) the
12 defendant's assertion of his right; and (4) prejudice to the defendant. *Doggett v. United States*,
13 505 U.S. 647, 651 (1992). The second factor, length of the delay, is to some extent a triggering
14 mechanism. Unless it is long enough to be considered "presumptively prejudicial," there is no
15 necessity for inquiry into the other factors. *Id.* at 651-52. Depending on the nature of the
16 charges, the lower courts have generally found post-accusation delay presumptively prejudicial
17 at least as it approaches one year. *Id.* at 652 n.1. In this case petitioner alleges that the delay
18 was one year and four months. This issue therefore is sufficient to require a response.

19      In his tenth issue, petitioner contends that he was selectively prosecuted because he is
20 not a citizen of California. This claim is sufficient to require a response.

21      In his eleventh issue, petitioner contends that the judge was biased. Petitioner
22 represented himself, and he cites examples of allegedly-unfair rulings and comments. This is
23 sufficient to require a response. *In re Murchison*, 349 U.S. 133, 136 (1955) (Due Process
24 Clause guarantees a criminal defendant the right to a fair and impartial judge).

25      In his twelfth issue, petitioner contends that his rights were violated "by not offering or
26 denying bail." "Neither the Supreme Court nor [the Ninth Circuit has] held that the [bail]
27 Clause is incorporated against the States." *Galen v. County of Los Angeles*, 477 F.3d 652, 659
28 (9th Cir. 2007) (§ 1983 case). Because there is no clearly-established constitutional right to

6

bail effective against the states, this claim will be dismissed.  *See* 28 U.S.C. § 2254(d).

## CONCLUSION

1. For the reasons set out above, petitioner's first through fourth, sixth through eighth, and his eleventh claims are **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.

3. Respondent shall show cause within sixty days of service of this order why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also must keep the court informed of any change of address.  He need not file such notices for moves within the same institution.  He must comply with any orders of the court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March ___5___, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\EDWARDS2841.OSC.wpd

7